UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JASON RAY CLARK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:04CV1570 RWS |
|  | ) |  |
| RODNEY HARRIS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This § 1983 action is before me on defendants' motion for summary judgment. In Counts I and III of his amended complaint, Clark alleges that defendants violated his fourteenth amendment rights by failing to protect him from attack by other inmates.[1] Counts II and III allege that defendants were deliberately indifferent to Clark's serious medical needs in violation of the Fourteenth Amendment. Count V alleges a negligence claim against St. Francois County

---

[1] Because plaintiff was a pretrial detainee, his claims are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. Vaughn v. Greene County, Ark., 438 F.3d 845, 850 (8th Cir. 2006). "Under the Fourteenth Amendment, pretrial detainees are entitled to at least as great protection as that afforded convicted prisoners under the Eighth Amendment." Id. (internal quotation marks and quoted case omitted). The Eighth Circuit has held that deliberate indifference is the appropriate standard of culpability for all claims that prison officials failed to provide pretrial detainees with adequate food, clothing, shelter, medical care and reasonable safety. Butler v. Fletcher, 465 F.3d 340, 345 (8th Cir. 2006).

based on Missouri law.[2]

Defendants first argue that all of Clark's claims should be dismissed under the Prison Litigation Reform Act, 42 U.S.C. § 1997, for failure to exhaust his administrative remedies. Defendants argue that Clark has failed to exhaust the administrative remedies available to him in the form of the jail's grievance system prior to the filing of this lawsuit. Defendants state that the jail had a grievance procedure in place at the time of Clark's confinement which provided inmates with the opportunity to file a grievance if they had a complaint regarding anything occurring in the jail. In support of this assertion, defendants submit the affidavit of Roy Foot, Deputy Sheriff, who describes the grievance process in its entirety as follows:

> The grievance procedure states that an inmate may file a complaint about a rule, procedure, harassment or misconduct by an employee in enforcing Jail rules. The inmate is responsible for trying to resolve the issue with the person or actions he/she wishes to grieve. If this is unsuccessful, the inmate must follow the chain of command upward. If the inmate receives an unsatisfactory response from an employee and wishes to pursue the matter, the inmate must submit a "kite" (note) to the person on the next level chain of command. This grievance procedure was in effect during November 2002, and has been continuously since that date.

(Foot Aff. Para. 2).

---

[2]Count IV was previously dismissed by prior Order of this Court.

Clark responds that he did not know there was a grievance procedure in place that had to be exhausted because he was never told of any such policy and never received an inmate handbook. Clark further asserts that he did complain verbally about the attack and his subsequent injuries, but that he was ignored and was never told that he could -- or that the grievance procedure required him to -- put his complaints in writing. Although defendants claim that the grievance policy "exists on paper," they have not provided the Court with a copy of this policy, nor have they presented any evidence that this policy -- even if it were in writing -- was distributed to Clark or any other pretrial detainee.[3]

When the facts are viewed in the light most favorable to the plaintiff, a genuine issue of material fact exists as to whether Clark exhausted all of the administrative remedies that were available to him. The Eighth Circuit Court of Appeals has consistently held that § 1997e(a) of the PLRA "does not require exhaustion of all remedies; it requires the exhaustion of such administrative remedies as are available." Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (internal quotation omitted). The Eighth Circuit has stated, "We believe that a

---

[3]The only evidence in the record about written grievance procedures appears to be contained in a policy manual that was proposed to, but never adopted by, Sheriff Bullock.

remedy that prison officials prevent a prisoner from utilizing is not an available remedy under § 1997e(a)." Id. (internal quotations omitted). Because Clark has submitted sufficient evidence to raise a genuine issue of material fact as to whether he has exhausted "available" remedies, defendants have failed to demonstrate that they are entitled to summary judgment on this affirmative defense. See Foulk v. Charrier, 262 F.3d 687, 697 (8th Cir. 2001) (exhaustion of administrative remedies is an affirmative defense that must be pleaded and proven by defendants). The Court therefore rejects this aspect of defendants' motion for summary judgment and turns to the merits of Clark's amended complaint.

My review of the record under the applicable standards[4] reveals disputed issues of material fact that preclude summary judgment on Counts I-III of plaintiff's amended complaint. Resolution of these claims will require a jury to

---

[4]In determining whether summary judgment should issue, I must view the facts and inferences from the facts in the light most favorable to plaintiff. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Defendants have the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once defendants have met this burden, plaintiff cannot rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

decide whose version of the facts is true.  Such credibility determinations are within the sole province of the jury and are not properly before me on a summary judgment motion.

However, St. Francois County is entitled to summary judgment on Count V of the amended complaint based on sovereign immunity.  Clark does not deny that St. Francois County, Missouri is a subdivision of the State which is protected from an action in negligence by sovereign immunity.   Under Missouri's statute, Mo. Rev. Stat. § 537.600.1(2), sovereign immunity is waived in cases involving injuries caused by the dangerous condition of public property.  Clark alleges that the cell doors in the St. Francois County jail constituted such a "dangerous condition" because they could be manipulated by the inmates to appear closed when they really were not.  Even if true, plaintiff has not stated a claim under Missouri law because the alleged dangerous condition (here, the cell door) must pose a physical threat to a plaintiff "without intervention by third parties." Alexander v. State, 756 S.W.2d 539, 542 (Mo. 1988).  In this case, however, Clark was injured not by the cell door, but by his fellow inmates who manipulated the door.  Where, as here, the injury is the direct result of the intentional conduct of another person and not the direct result of the physical condition of the public property, a claim for negligence fails as a matter of Missouri law.  Dale by and

Through Dale v. Edmonds, 819 S.W.2d 388, 390 (Mo. Ct. App. 1991). Although this evidence remains relevant to Clark's failure to protect claim, summary judgment will be granted in favor of defendant on Count V of the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [#60] is granted only in part, and defendants shall have summary judgment on Count V of the amended complaint only. In all other respects, the motion for summary judgment [#60] is denied.

**IT IS FURTHER ORDERED** that this case remains set for trial as previously ordered. **Counsel should contact my office to set up a telephone status conference to discuss a special trial setting for this case**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of September, 2007.