IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON RAY CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04CV1570 RWS |
| ) | |
| ST. FRANCOIS COUNTY, MISSOURI ) | |
| ) | |
| AND ) | |
| ) | |
| ) | |
| RODNEY HARRIS ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION *IN LIMINE* AND BRIEF IN SUPPORT**

COMES NOW Plaintiff, by and through counsel, and moves *in limine* to prevent the Defendants from mentioning in voir dire, opening statement, closing argument or from presenting any evidence, or eliciting from any witnesses, any reference or mention of the following:

1. **The Convictions and Sentence of Plaintiff.**

Plaintiff was a pre-trial detainee at the time of the incidents giving rise to this suit. He ultimately pled to three charges: Domestic Assault, Resisting Arrest and Armed Criminal Action. A charge of Assaulting a Law Enforcement Officer was dismissed as a result of the plea agreement. He was sentenced to serve fifteen years in the Missouri Department of Corrections and remains incarcerated.

The ostensible reason for admitting evidence of Plaintiff's convictions is that they may tell the jury something of Mr. Clark's character for truthfulness as described in Fed. R. Evid. 609(a)(1) as it does not appear that the defense can effectively argue that Plaintiff's offenses fall within Fed. R. Evid. 609(a)(2) or Fed. R. Evid. 404(b). The decision whether to admit the evidence – clearly within the sound discretion of the Court – see *U.S. v. Valencia*, 61 F.3d 616 (8th Cir. 1995), is to be tempered by Fed. R. Evid. 403. Fed. R. Evid. 609(a)(1)("...evidence that a witness...has been convicted of a crime shall be admitted, subject to Rule 403..."). See *U.S. v. Roberson*, 2006 WL 2089944 (N.D. Iowa, July 25, 2006).

The evidence of Mr. Clark's convictions says nothing of his character for truthfulness, much less something negative about it, and the revelation of the evidence has the potential to be devastating to his cause. See *Gordon v. United States,* 383 F.2d 936, 940(D.C. Cir. 1967)("Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty and veracity. A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not"). The fact that he pled may actually reveal his character for truthfulness. See *Id,* n.8 ("The relevance of prior convictions to credibility may well be different as between a case where the conviction of the accused was by admission of guilt by a plea and on the other hand a case where the accused affirmatively contested the charge and testified, for example, that he was not present and did not commit the acts charged. In the latter situation the accused affirmatively puts his own veracity in issue when he testifies so that the jury's verdict amounted to rejection of his testimony; the verdict is in a sense a de facto finding that the accused did not tell the truth when sworn to do so"). But, of course, plaintiff would never offer the

evidence intent on arguing that it shows that Mr. Clark was a truth teller because counsel understands that like the skunk thrown in the jury box with the admonition to not smell it, see *United States v. Lowis*, 174 F.3d 881 (7th Cir. 1999) the evidence of Mr. Clark's conviction will weigh conclusively in the minds of some and heavily in the minds of the rest.  See generally *Michelson v. United States,* 335 U.S. 469, 475-76 (1948)("The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge"). Plaintiff has not offered 8TH CIR. CIVIL JURY INSTR. § 2.09 (2007) because he challenges the admissibility, but even if the Court rules his convictions admissible, counsel is not presently inclined to offer the instruction.  The evidence is poison for which there is no antidote. See *Gordon v. United States,* 383 F.2d 936, 939 (D.C. Cir. 1967)("The impact of criminal convictions will often be damaging to an accused and it is admittedly difficult to restrict its impact, by cautionary instructions, to the issue of credibility").

2.	In addition to the motion to exclude from evidence the Plaintiffs convictions, Plaintiff respectfully requests a ruling *in limine* about the scope of the defense examination if Plaintiff calls one or more witnesses who are either Defendants are who are associated with Defendants.  This decision too, is within the sound discretion of the Court.  Fed. R. Evid. 611.  Plaintiff requests that the Court limit the defense 'cross examination' of any Defendant or witness associated with a Defendant to matters covered on direct examination and require the defense to re-call any such witness in the defense case to testify about additional matters.

        Respectfully submitted,

By: */s/ Stephen M. Ryals*
    Stephen M. Ryals    #10602
    RYALS & BREED, P.C.
    3120 Locust Street
    St. Louis, MO  63103
    (314) 862-6262
    (314) 880-2027 FAX
    E-mail:  ryals@rslawstl.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on **September 28, 2007** the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mark Zoole and Michelle Stallings:

    /s/Stephen M. Ryals